IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TOMMIWA KOLLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06 C 0095 |
| | ) | |
| NEDRA CHANDLER, WARDEN, | ) | Judge Virginia M. Kendall |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, Tommiwa Kolly ("Kolly" or "Petetioner"), is currently in custody at Dixon

Correctional Center, in Dixon, Illinois. Respondent Nedra Chandler is warden of that facility.

Petitioner and eighteen codefendants were charged with engaging in a criminal drug conspiracy

following a 1993 investigation into drug sales by a Chicago street gang. Petitioner was tried

separately. Following a bench trial in Cook County Circuit Court, Petitioner was convicted of

criminal drug conspiracy and sentenced to 21 years' incarceration. Petitioner appealed his judgment

and sentence to the Illinois Appellate Court and Illinois Supreme Court; each affirmed. Plaintiff also

petitioned for post-conviction relief under the Illinois Post-Conviction Hearing Act – that petition

has been pending since May 2003. In light of the delay in adjudicating his petition, Petitioner asks

this Court to excuse him from the requirement to exhaust his state court remedies before seeking

federal habeas relief. This Court ordered the State to file a limited response addressing whether the

inordinate delay justifies bypassing state court remedies.

Because the delay in adjudicating Petitioner's post-conviction petition cannot be attributed

fairly to the State, Petitioner is not excused from exhausting his state court remedies. As such, this

Court will give Petitioner a choice because a petitioner generally gets only one shot at federal habeas

relief. *See* 28 U.S.C. § 2244(a). Petitioner may take his shot now on the one exhausted claim

regarding the duplicitous conspiracy count in the indictment or he can wait until after his state post-conviction proceedings are complete. If he waits, Petitioner may present his duplicitous indictment claim plus any additional claims that he exhausts during the post-conviction proceedings.

**Factual and Procedural History**

Following a bench trial in Cook County Circuit Court, Petitioner was convicted of criminal drug conspiracy and sentenced to 21 years' incarceration. Petitioner appealed his judgment of conviction and sentence to the Illinois Appellate Court. There, Petitioner contended that: (1) the trial court erred in admitting identification evidence of tape-recorded telephone conversations that alleged Petitioner to be one of the speakers where the state failed to offer a sufficient foundation for voice identification, *i.e.*, Officer Bielecki and Sergeant Risley lacked sufficient and timely experience in hearing Petitioner's voice to identify him as the person identified as "Tommy" on the surveillance recordings; and (2) the court abused its discretion in sentencing petitioner to 21 years' incarceration because he had no criminal history and the evidence of his involvement in the conspiracy did not support the sentence. Petitioner also was permitted to adopt and incorporate two additional issues raised by his codefendants in their consolidated direct appeals: (1) whether the State laid an adequate foundation to qualify its witness, Officer Bielecki, as an expert on the slang terminology used on the surveillance tapes (adopted from *People v. Andre Nelson*, 1-98-1928); and (2) whether the indictment was duplicitous (adopted from *People v. Wayne Edwards*, No. 1-98-0444). On January 28, 2003, the appellate court affirmed Petitioner's conviction and sentence. With regard to the two issues adopted from petitioner's codefendants' consolidated appeals, the court referred to its previous opinion in that case, *People v. Edwards*, No. 1-98-0444.

Petitioner next sought leave to appeal his conviction to the Illinois Supreme Court. In his Petition for Leave to Appeal ("PLA"), Petitioner contended that: (1) the foundation laid for the

identification of petitioner as the individual identified as "Tommy" on the taped conversations was insufficient because Officer Bielecki did not have sufficient or timely experience with hearing petitioner's voice; and (2) the indictment was duplicitous. Petitioner did not seek a writ of certiorari to the Supreme Court.

While his direct appeal was pending, Petitioner sought collateral review of his conviction in Cook County Circuit Court. On December 14, 2001, Petitioner filed a *pro se* post-conviction petition. On March 12, 2002, the Cook County Circuit Court dismissed the petition without prejudice, stating that because Petitioner's direct appeal currently was pending before the Illinois Appellate Court, it lacked jurisdiction to consider his post-conviction petition. Petitioner appealed this judgment to the Illinois Appellate Court. In response, the State filed a confession of error, conceding that the Post-Conviction Hearing Act does not bar a circuit court from considering a post-conviction petition while a direct appeal is pending. On May 7, 2003, the appellate court remanded the matter for proceedings consistent with the Post-Conviction Hearing Act. Since that time, Petitioner's post-conviction petition has remained pending in Cook County Circuit Court.

Petitioner filed the instant habeas corpus petition on December 27, 2005. The petition raises three claims: (1) petitioner has been denied due process due to the inordinate delay in the adjudication of his post-conviction petition, and exhaustion should be excused because the inordinate delay constitutes circumstances that render the state process ineffective; (2) the conspiracy count of the indictment was duplicitous, in that the criminal drug conspiracy count incorporated three distinct offenses in one count; and (3) the State failed to provide an adequate foundation to qualify Officer Bielecki as an expert witness sufficient for the admission of Officer Bielecki's testimony regarding the meanings of slang terms used on the surveillance tapes.

**DISCUSSION**

Of first importance is Petitioner's contention that he has been denied due process due to the inordinate delay in the adjudication of his post-conviction petition and that exhaustion should be excused because the inordinate delay constitutes circumstances that render the state process ineffective.[1] The significance of Petitioner's contention is that he would be permitted to present the issues raised in his state post-conviction petition, even if they were not exhausted on direct appeal, in his federal habeas petition. Beyond Petitioner's first claim, Petitioner's second claim regarding the duplicitous conspiracy count was exhausted on direct appeal, but his third claim regarding Officer Bielecki's testimony about the meaning of slang terms has not been exhausted since he did not raise it in his Petition for Leave to Appeal to the Illinois Supreme Court.

A federal district court may issue a writ of habeas corpus when a prisoner is in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). But before a federal court will consider his claims, a federal habeas petitioner must exhaust state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). In order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). During this one complete round, a petitioner must present fully and fairly the federal law or constitutional protection violated and the operative facts underlying the violation, thus affording the state courts a "meaningful opportunity to pass upon the substance of the claim later presented in federal court." *Chambers v. McCaughtry*, 264 F.3d 732, 737-38 (7th Cir. 2001). A

---

[1] Although Petitioner does not seem to argue as much, a delay in ruling on a state collateral attack would not itself present grounds for release from custody. *See Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996) ("[D]elay in receiving a ruling on a discretionary state collateral appeal is not a ground for federal habeas corpus relief").

petitioner in Illinois completes one round by presenting his claims on either direct appeal or post-conviction review at each stage of the appellate process, including to the Illinois Supreme Court. *O'Sullivan*, 526 U.S. at 847-48; *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999) (applying *O'Sullivan* rule to claims presented in petitions for state post-conviction relief). Issues that are not exhaustively presented through one complete round are procedurally defaulted and cannot be reviewed in a federal habeas proceeding. *See O'Sullivan*, 526 U.S. at 848.

There are two statutory exceptions to the exhaustion requirement: (1) the absence of available State corrective process; or (2) circumstances that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b). One circumstance that renders a state process ineffective is an inordinate and unjustifiable delay. *See Lane v. Richards*, 957 F.2d 363, 365 (7th Cir. 1992).

The delay in this case is inordinate – the Illinois Appellate Court remanded petitioner's post-conviction petition on May 7, 2003, approximately three and a half years ago. *See Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981) (three and a half year delay inordinate); *Dozie v. Cady*, 430 F.2d 637, 638 (7th Cir. 1970) (seventeen-month delay inordinate). Where a delay is inordinate, a district court should hold a hearing to determine whether the delay was unjustifiable unless the reason for the delay is clear from the record. *See Lane*, 957 F.2d at 365. In determining if the delay is unjustifiable, the relevant question is whether the delay can be attributed to the state. *See Sceifers v. Trigg*, 46 F.3d 701, 703-04 (7th Cir.1995); *Bell v. Robert*, 402 F. Supp. 2d 938, 943 (N.D. Ill. 2005) ("[I]f the delay cannot be attributed to the state, then the state's process cannot fairly be considered ineffective for the purposes of § 2254(b)").

Here, Petitioner complains of delay following remand of his postconviction proceedings in May 2003. But a review of the docket reveals that all but 17 days of delay are attributable to

5

Petitioner and/or his counsel. Following remand of Petitioner's post-conviction proceedings to the circuit court, the case was continued "by agreement" on eight different occasions. *See* Exhibit J to State's Limited Response, Certified Statement of Conviction/Disposition in *People v. Kolly*, 94 CR 16717(05). It was continued on Petitioner's own motion on five times. *Id.* Only once, for a period of 17 days, was the matter continued by order of the court. *Id.*

In addition to the docket, Petitioner also lays the blame primarily at the feet of his appointed counsel, stating "I have now had three different court appointed attorneys' assigned to my case . . . . Neither attorney has amended the petition with additional, different, and meritorious issues, per my request," Pet. at 3, and "I've requested that my petition be amended, but I have had no luck with my attorneys' thus far in doing so, because when ever I talk to them, they don't seem like that they are even familiar with the facts of my case, or comprehend the issues that I'am trying to get them to amend to my petition." Pet. at 6. But no matter how delinquent or unzealous the advocate provided by the State may be, the counsel's actions do not open the door to federal habeas relief. *See Lane*, 957 F.3d at 365. Because an individual has no right to counsel for a collateral attack, the counsel's actions cannot be attributed to the state. *Id.*, citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987). Accordingly, Petitioner must choose between (1) the inordinate delay or (2) refusing or firing appointed counsel and proceeding on his own. *See id.* ("[B]ut as the Constitution does not guarantee the aid of counsel to prosecute a collateral attack, putting a prisoner to a choice between a lawyer and a prompt hearing does not violate the Constitution"). In either respect, the delays caused by his appointed counsel are not attributable to the State and therefore do not render the State's processes ineffective or justify excusing the exhaustion requirement.

**Conclusion and Order**

The Court's opinion leaves Petitioner with a choice: (1) proceed now on his exhausted claim

6

regarding the duplicitous conspiracy count; or (2) wait until his post-conviction proceedings are complete and raise the duplicitous conspiracy count plus any additional claims that were presented and exhausted in the post-conviction proceedings. Again, Petitioner likely gets only one chance at federal habeas relief, so he should consider carefully whether he wishes to proceed now. *See* 28 U.S.C. § 2244(a). Petitioner should file a letter with this Court and send a letter to Respondent confirming his choice by January 15, 2007. If Petitioner elects to wait, his current petition will be dismissed. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). This dismissal will not prevent Petitioner from refiling a new petition once he exhausts his available state remedies. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 644 (1998) (stating that no cases hold that "a prisoner whose habeas petition was dismissed for failure to exhaust state remedies, and who then did exhaust those remedies and returned to federal court, was by such action filing a successive petition"). If Petitioner elects to proceed now, Respondent shall file an answer to his petition within 21 days of being so advised.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date:  December 28, 2006