IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOMMIWA KOLLY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 06 C 0095 |
| | ) |
| NEDRA CHANDLER, Warden, | ) Judge Virginia M. Kendall |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Petitioner, Tommiwa Kolly ("Kolly" or "Petitioner"), and eighteen codefendants were charged with engaging in a criminal drug conspiracy following an investigation into drug sales by a Chicago street gang. Petitioner was tried separately. Following a bench trial in Cook County Circuit Court, Petitioner was convicted of criminal drug conspiracy and sentenced to 21 years' incarceration. Petitioner appealed to the Illinois Appellate Court and the Illinois Supreme Court; each affirmed his judgment and sentence. Petitioner also petitioned for post-conviction relief under the Illinois Post-Conviction Hearing Act. In light of the delay in adjudicating that petition, Petitioner asked this Court to excuse him from the requirement to exhaust his state court remedies before seeking federal habeas relief. Because the delay in adjudicating Petitioner's state post-conviction petition could not be attributed to the State, Petitioner was not excused from exhausting his state court remedies. As such, this Court gave Petitioner a choice – he could go forward on the one claim that he exhausted on direct appeal or he could wait until after his state post-conviction proceedings were complete and present any additional claims that he exhausted during those proceedings. Petitioner elected to go forward on his exhausted duplicitous indictment claim now. Because any

duplicity in the indictment was cured by the Judge's verdict, Petitioner's Fifth and Sixth Amendment rights were not violated.

**Standard of Review**

Petitioner's § 2254 petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997); *Benefiel v. Davis*, 357 F.3d 655, 659 (7th Cir. 2004). Under AEDPA, a federal district court may issue a writ of habeas corpus when a prisoner is in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The scope of federal review under § 2254 is narrow. A federal court shall not grant habeas corpus relief unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or the state court's determination of the facts was unreasonable in light of the evidence. 28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "when the state court applies a rule that contradicts the governing law set forth by the Supreme Court or, on facts materially indistinguishable from the facts of an applicable Supreme Court precedent, reaches a different result." *Badelle v. Correll*, 452 F.3d 648, 654 (7th Cir. 2006) (internal citations omitted). Similarly, a state court decision unreasonably applies clearly established federal law when it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *U.S. ex rel. Hampton v. Leibach*, 347 F.3d 219, 245 (7th Cir. 2003) (internal quotations omitted). A state court determination of the facts is unreasonable when it falls "well outside the boundaries of permissible differences of opinion." *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002). In determining whether the decision was unreasonable, a federal court reviews the last state court decision with an explanation or written

2

opinion. *See Prihoda v. McCaughtry*, 910 F.2d 1379, 1383 (7th Cir. 1990) ("Unexplained affirmances or denials of discretionary review do not retract a state-law basis of decision already given").

**Discussion**

Petitioner argues that Count I of the indictment returned against him, the drug conspiracy count, is duplicitous because it incorporates multiple offenses into one count. *See United States v. Marshall*, 75 F.3d 1097, 1111 (7th Cir. 1996) ("Duplicity is the joining of two or more offenses in a single count."). The Illinois Appellate Court described Count I of the indictment as charging Petitioner and his co-defendants with (i) conspiracy to deliver and to possess with the intent to deliver 400 grams or more but less than 900 grams of a substance containing heroin; (ii) conspiracy to deliver and to possess with the intent to deliver 15 grams or more but less than 100 grams of a substance containing heroin; (iii) conspiracy to deliver 10 grams or more but less than 15 grams of a substance containing heroin; and (iv) conspiracy to deliver less than 10 grams of a substance containing heroin.[1] Petitioner adopted the duplicitous indictment claim from co-defendant Edwards on direct appeal. The Illinois Appellate Court summarily denied Petitioner's claim based upon its reasons in affirming the conviction of Edwards. In its opinion on Edwards' appeal, the Illinois Appellate Court held that the indictment alleged four different objects of the conspiracy, not four distinct offenses.

---

[1] The indictment was not in the record presented to this Court. There is no indication from the record before this Court that the four charges in Count I of the indictment correlated with four separate drug transactions or conspiracies, rather than being intended as alternative charges each to include the aggregate of a defendant's conspired conduct.

Whether or not the indictment was duplicitous is irrelevant unless the combining of the separate offenses into one count violated Petitioner's constitutional rights. *See U.S. v. Buchmeier*, 255 F.3d 415, 425 (7th Cir. 2001). "The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or both." *Marshall*, 75 F.3d at 1111. An example of this vice would be where a single count charges a defendant with distributing both marijuana and cocaine. If the jury returns a guilty verdict on the count, we could not be sure that the jury unanimously agreed that the defendant distributed either of the drugs necessary to establish the charge. Several jurors may have voted guilty based upon the marijuana allegation, while other jurors may have found that the defendant distributed only cocaine. *See, e.g., United States v. Cherif*, 943 F.2d 692, 701 (7th Cir. 1991) ("[S]ix jurors might have believed Cherif lied about Reiter but not about Bronec; the other six might have believed exactly the opposite"). Such ambiguous verdicts threaten the Sixth Amendment right to a jury trial and the right against double jeopardy in the Fifth Amendment.[2] *See U.S. v. Bernardi*, 675 F.2d 894, 899 (7th Cir. 1982); *U.S. v. Stanley*, 597 F.2d 866, 871 (4th Cir. 1979) (defendant's conviction for unlawfully possessing a firearm overturned where count alleged possession of two different guns).

The constitutional concerns raised by duplicity easily can be cured with an instruction informing the jury of the need for an unanimous verdict or a special verdict form which allows the jury to identify, for example, the type and quantity of drug that they find a defendant manufactured

---

[2] The Sixth Amendment does not require all state court verdicts to be unanimous. *See Burch v. Louisiana,* 441 U.S. 130, 138-39 (1979); *Apodaca v. Oregon*, 406 U.S. 404, 411-12 (1972).

or delivered.[3] *See U.S. v. Starks*, 472 F.3d 466, 471 (7th Cir. 2006); *Buchmeier*, 255 F.3d at 425; *Cherif*, 943 F.2d at 701. Petitioner elected a bench trial in which the judge sat as the finder of fact. The trial judge found Petitioner guilty of conspiring to deliver and possessing with intent to deliver approximately 500 grams of heroin. The trial judge then sentenced Petitioner to 21 years imprisonment, a term within the statutory range of twelve to fifty years prescribed for a defendant found responsible for 400 to 900 grams of heroin. When a judge sits as the finder of fact and renders a clear verdict, the constitutional pitfalls associated with an ambiguous jury verdict are not present. Finally, there is no concern that Petitioner did not receive fair notice of the charges against him or that he may be prosecuted again for the same conduct. *See U.S. v. Kimberlin*, 781 F.2d 1247, 1250 (7th Cir. 1985) ("[C]ourts condemn duplicitous indictments which fail to give defendants adequate notice of the nature of the charges against which they must prepare a defense" and "which produce trial records inadequate to allow defendants to plead prior convictions or acquittals as a bar to subsequent prosecution for the same offense"). The one hundred and sixteen page indictment detailed the conduct for which Petitioner was charged and permitted him an adequate opportunity to prepare a defense to the charges. Accordingly, the State's alleged error in charging Petitioner in a duplicitous indictment was harmless.

---

[3] In the previous example, an instruction to the jury that it must unanimously agree that the defendant distributed one or both drugs in order to find him guilty solves the duplicity problem. But assuming that the marijuana and cocaine distribution charges carry different punishments, the defendant would still need to be sentenced "as if he distributed only the drug carrying the lower penalty." *United States v. Dale*, 178 F.3d 429, 431-32 (6th Cir. 1999); *see United States v. Barnes*, 158 F.3d 662, 667-68 (2d Cir. 1998). This latter concern is not one of duplicity, but one of sentencing.

**Conclusion and Order**

Petitioner's first claim based on the inordinate delay in his state postconviction proceedings and his third claim challenging Officer Bielecki as an expert on the slang terminology used on the surveillance tapes are denied and dismissed, respectively, for the reasons in this Court's December 28, 2006 Opinion and Order. Petitioner's remaining claim is denied because he suffered no prejudice even if the indictment was duplicitous and charged the four separate drug conspiracy offenses in one count. Wherefore, Petitioner's petition for writ of habeas corpus is denied. So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: June 22, 2007